# MICHAEL G. O'NEILL
ATTORNEY AT LAW

*Via Fax Only (212-805-6711)*

May 16, 2011

Hon. Richard M. Berman
United States District Judge
500 Pearl Street
New York, NY 10007

Re:  Azzolini v. Marriot
     99 Civ. 11605

Dear Judge Berman:

I represented the plaintiff in the above captioned matter which was settled in late 2009. As the Court is aware, there has been an issue with respect to the payment of a portion of the settlement proceeds, and the Court has scheduled a settlement conference for this Wednesday, May 18, 2011. I am writing on behalf of Mr. Azzolini to request that the conference be adjourned until some date in June, because of Mr. Azzolini's medical condition which is documented in the attached May 11, 2011 note from his physician. In case the note is difficult to read, I quote it here in pertinent part:

> The above named patient is under our care for injuries to the low back. Patient is diagnosed with multiple disc herniations. The patient is in extreme pain. The patient is bed confined for approximately 3-4 weeks.

I am constrained to write something about the substance of the underlying dispute, which concerns a payroll check that was to have been delivered to plaintiff well before the end of 2009. It was not delivered until some time in 2010, and plaintiff had an issue with the tax withholdings. The parties were not able to resolve that issue, and the check became stale dated.

Everybody agrees that plaintiff is entitled to a new check. The issue is whether the check will be a replacement of the 2010 check (defendant's current position) and thus taxable in 2010, or a newly issued check based on a newly submitted W-4 withholding form (plaintiff's preference) and thus taxable in 2011. Neither position is entirely unreasonable. If the 2010 check is replaced, it causes plaintiff some tax problems. He has already filed his 2010 taxes, and he never received a W-2 statement from defendant, which makes it impossible to claim a refund of the excessive taxes withheld. Apparently there are similar accounting issues for Marriot caused by cancelling a 2010 check and replacing it with a 2011 check.

30 VESEY STREET•NEW YORK•10007•(212) 581-0990•DARROW@ONEILLAW.COM

# MEMO ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/11
```

Conference adjourned to
June 27, 2011 @ 10:00 AM.
Counsel to be present with
principals.

SO ORDERED:
Date: 5/17/11

*Richard M. Berman*
Richard M. Berman, U.S.D.J.



RECEIVED
MAY 16 2011
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

Neither party is without fault for the situation they find themselves in. Plaintiff can be faulted for not cashing the original check, notwithstanding his issues with the tax withholdings. On the other hand, defendant breached a written settlement agreement by making the required payment late, and defendant ignored my requests to have the check replaced in late 2010.

The recent letter from Sonya Johnson, defendant's counsel, alluded to my unwillingness to represent plaintiff's wishes. That is only partly true. Plaintiff has received quite a bit of legal representation from me on this issue, which he has not paid for. What I am unwilling to do is to continue to work for free. The only thing I know for sure about the present standoff, apart from the fact that each party had at least one clear opportunity to avoid it, is that it is not worth a fraction of the time and expense that is being devoted to it by the attorneys, not to mention the Court. Assuming that the Court grants plaintiff's request for an adjournment of the conference, I would like to make a motion to be relieved from any further representation of plaintiff in this matter. I propose to make that motion returnable on the adjourned date of the conference.

Respectfully yours,

[signature]

cc: Sonya Johnson (by fax) and Joseph Azzolini (by mail)